

FILED
OCT 02 2018
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

WILLIE ROBERT WEATHERLY )
CALVIN EDWARD WEATHERLY )
_____ )
Name of plaintiff (s) )
)
v. )  Case No. _____
)  (to be assigned by Clerk)
JANICE HILTON )
WARREN M. HILTON )
_____ )
Name of defendant (s) )

## COMPLAINT

1. A short and plain statement of the grounds for filing this case in federal court (include federal statutes and/or U.S. Constitutional provisions, if you know them):

The Defendants in this matter are in violation of the Federal Anti Discrimination Laws and many provisions of this law including the right to be free from harassment and threats and

2. Plaintiff, WILLIE ROBERT WEATHERLY resides at 417 BARNETT DR. #60, KINGSPORT TENNESSEE
street address / city

SULLIVAN, TENNESSEE, 37664, 423-276-8548.
county / state / zip code / telephone number

(if more than one plaintiff, provide the same information for each plaintiff below)

CALVIN EDWARD WEATHERLY, 417 BARNETT DR, #60 KINGSPORT TENNESSEE SULLIVAN  37664    423-276-6910

1

continued from question 1.

intimidation once a complaint has been filed. thistenancy was terminated based on the fact plaintiffs asked their residence be fixed.

Further, the defendants in this matter has failed to provide a residence "habitable" and the violations and failures of the defendants to provide the "habitable" residence amounts to violations that need to be addressed by this court.

3. Defendant, JANICE HILTON lives at, or its business is located at 141 GEORGIA Pvt DR., KINGSPORT, SULLIVAN county, TENNESSEE state, 37660 zip code.

(if more than one defendant, provide the same information for each defendant below)

WARREN M. HILTON, 121 GEORGIA PVT. DR

KINGSPORT, TENNESSEE

4. Short and plain statement of your claim (state as briefly as possible the facts of your case and how each defendant is involved. You may use additional paper if necessary):

THE PLAINTIFF'S IN THIS MATTER, WILLIE ROBERT WEATHERLY AND CALVIN EDWARD WEATHERLY, HEREAFTER REFERRED TO AS THE PLAINTIFF'S BRING THIS CIVIL ACTION FOR DAMAGES AGAINST THE DEFENDANTS, JANICE HILTON AND WARREN M. HILTON, HEREAFTER REFERRED TO AS WARREN AND JANICE, ALLEGING VIOLATIONS OF THE UNIFORM RESIDENTIAL LANDLORD TENANT ACT AS WELL AS THE FEDERAL FAIR HOUSING ACT.

THE PLAINTIFFS ALLEGATIONS ARE AS FOLLOWS:

1. THE PLAINTIFFS ALLEGE THAT THE RESIDENCE RENTED FROM JANICE HILTON ON NOVEMBER 1, 2016 WAS IN SUCH A STATE OF DISREPAIR THAT HABITATION OF THIS RESIDENCE FELL FAR BELOW THE STANDARDS SET

2

continued from question 4.

BY THE UNIFORM RESIDENTIAL LANDLORD TENANT ACT AS WELL AS THE
FEDERAL ANTI-DISCRIMINATION LAWS.

2. THE PLAINTIFFS STATE THAT ON MAY31, 2017, PLAINTIFFS DID SUBMIT A LETTER TO JANICE ASKING THAT CERTAIN REPAIRS BE MADE AND THAT AS A RESULT OF THIS LETTER, THE PLAINTIFF'S RECEIVED A NOTICE OF EVICTION FROM WARREN M. HILTON.

3. THE PLAINTIFF'S STATE THAT AS A RESULT OF THIS NOTICE, PLAINTIFF'S WERE FORCED TO LOOK FOR ANOTHER PLACE TO LIVE.

4. THE PLAINTIFF'S ALLEGE THAT AS A RESULT OF THE PURPOSEFUL NEGLECT OF THE RENTAL PROPERTY BELONGING TO THE DEFENDANTS, THE PLAINTIFF'S LOST NEARLY ALL THEIR PERSONAL BELONGINGS INCLUDING HOUSEHOLD FURNISHINGS AND CLOTHES.

5. THE PLAINTIFF'S ALLEGE THAT THE DEFENDANTS ALLOWED THE BUYING AND SELLING OF DRUGS ON THE PREMISES AND PARTICIPATED IN THE SAME AND CREATED AN UNSAFE LIVING ENVIROMENT.

6. THE PLAINTIFF'S ALLEGE THAT THE DEFENDANTS FAILURE TO REPAIR OR REPLACE LEAKING SEWER LINES CREATED AN UNSAFE AND UNHEALTHY LIVING ENVIROMENT AS WELL AS CONTRIBUTED TO POLLUTING THE WATER OF NEARBY CREEKS. THE SEWER FROM NEIGHBORS REPEATEDLY BACKED UP IN THE SINKS, BATHTUBS AND FLOORS OF THE PLAINTIFFS.

&. THE PLAINTIFFS ALLEGE THAT THE CONDITIONS OF THIS RESIDENCE AND OTHERS WHEN TAKEN IN WHOLE, CREATED UNSAFE AND UNHEALTHY LIVING CONDITIONS.

FACTS.

THE PLAINTIFF'S IN THIS MATTER, WILLIE ROBERT WEATHERLY AND CALVIN EDWARD WEATHERLY RENTED A MOBILE HOME FROM JANICE HILTON ON NOVEMBER 1, 2016. THE PLAINTIFFS MOVED INTO THE MOBILE HOME LOCATED AT 115 GEORGIA PVT. DR #1, KINGSPORT, TENNESSEE. THE PLAINTIFF'S AGREED TO PAY TWO HUNDRED SEVENTY FIVE DOLLARS (275) PER MONTH RENT. WHEN THE PLAINTIFF'S MOVED IN, THE MOBILE HOME HAD NO HEAT NOR WATER. THE P1AINTIFF'S APPROACHED JANICE HILTON ABOUT THE HEAT AND WATER AND DEFENDANT JANICE HILTON AGREED TO PAY FOR THE WATER IF PLAINTIFF'S PERFORMED THE LABOR. THE PLAINTIFF'S PERFORMED ALL THE LABOR ON THE WATER.

PLAINTIFF'S AGAIN ASKED JANICE HILTON IF THERE WAS ANYTHING THAT COULD BE DONE ABOUT THE HEAT SITUATION SINCE THE HOME DID NOT CONTAIN ANY TYPE HEATING OR AIR UNIT. THE HEATING UNIT ON THE OUTSIDE HAD BEEN DESTROYED AND SOLD FOR SCRAP. THERE WAS NO OTHER SOURCE OF HWAT INSIDE THE HOME. AS A RESULT OF NO HEAT BEING IN THE HOME, PLAINTIFF'S WERE FORCED TO ACQUIRE ANOTHER SOURC E OF HEAT AND THE ONLY SOURCE AVAILABLE WAS TO PLAINTIFF'S WAS THE USE OF USED KEROSENE HEATERS. PROVIDING THIS SOURCE OF HEAT OR ANY OTHER KIND OF HEAT WAS ESPECIALLY HARD ON PLAINTIFF'S BECAUSE OF THE CONDITION OF THE HOME, ESPEC IALLY THE FACT THAT NONE OF THE WINDOWS WERE ABLE TO BE CLOSED AND HAD NO HARDWARE WITH WHICH TO BE ROLLED IN OR OUT, THIS NEGLECT OF THE DEFENDANTS TO UPKEEP THEIR RENTAL PROPERTY PLACED UNDUE AND UNNECESSARY HARDSHIPS ON THE PLAINTIFF'S BECAUSE OF THE PRICE OF KEROSENE AND THE FACT THAT THE OPEN WINDOWS ALLOWED WHAT LITTLE HEAT THERE WAS, TO ESCAPE EVEN THOUGH WINDOWS WERE COVERED WITH BLANKETS,

THE PLAINTIFF'S IN THIS MATTER ALLEGE THAT THE TOTALITY OF THE LIVING CONDITIONS THE PLAINTIFF'S WERE FORCED TO LIVE IN FOR A

PERIOD OF APPROXIMATELY ELEVEN (11) MONTHS AMOUNTED CRUEL AND INHUMANE LIVING CONDITIONS.

THE PLAINTIFF'S STATE THAT THE INSIDE OF THE MOBILE HOME WAS IN SUCH A STATE OF DISREPAIR THAT MADE THE MOOBILE HOME UNLIVABLE AND UNSAFE FOR THE PLAINTIFF'S TO LIVE IN. UNFORTUNATELY, THIS WAS THE ONLY PLACE THE PLAINTIFF'S COULD AFFORD TO RENT AT THE TIME. THE CEILING IN THE HOME, SPECIFICALLY THE LIVING ROOM, WAS IN A STATE OF COLLAPSE AND HAD FALLEN ABOUT FOUR (4) INCHES. NEARLY ALL THE LIGHT FIXTURES IN THE HOME WERE PARTIALLY FALLING FROM THE CEILING EXPOSING ELECTRICAL WIRES AND CONNECTIONS. THE COLLAPSE OF THE CEILING PUT PLAINTIFF'S IN CONSTANT FEAR FOR THEIR SAFETY OF THEIR WELL BWING AS WELL AS THE SAFETY OF THEIR PERSONAL BELONGINGS.

THE PLAINTIFFS ALLEGE THAT AS A RESULT OF THE NEGLECT OF THIS PROPERTY OWENED BY THE DEFENDANTS AND OFFERED AS RENTAL PROPERTY, THE BATHROOM IN THIS RESIDENCE WAS IN SUCH A STATE OF DISREPAIR THAT THE COMMODE WAS FALLING THROUGH THE FLOOR AND WHEN THE NEIGHBOR DIRECTLY BEHIND THE PLAINTIFFS WOULD USE THEIR BATHROOM, THE RAW SEWAGE FROM THAT RESIDENCE WOULD BACK UP IN THE HOME OCCUPIED BY THE PLAINTIFFS AND FLOOD THE FLOOR TO THE POINT THAT THE SEWAGE WOULD FLOW UNDER THE CARPET AND INTO THE HALLWAY. THIS SEWAGE WOULD ALSO BACK UP INTO THE KITCHEN SINK MAKING THE SINK UNFIT AND UNHEALTHY TO USE FOR ITS INTENDED PURPOSE.

THE PLAINTIFFS FURTHER ALLEGE THAT THE TOTAL NEGLECT AND DISREPAIR OF THE MOBILE HOME BY THE DEFENDANTS MADE THE OCCUPANCY OF THIS MOBILE UNSAFE AND UNHEALTHY. THE CONDITION OF THE INSIDE OF THE HOME MADE LIVING CONDITIONS UNSAFE AND UNHEALTHYAND PLACED PLAINTIFFS IN FEAR OF CONTRACTING DISEASES FROM MANY SOURCES. STARTING IN THE KITCHEN OF THE MOBILE HOME, HOLES WERE CHEWED IN THE WALLS OF THE KITCHEN BY RATS

AND THE RATS HAD FULL ACCESS TO THE KITCHEN AND THE CABINETS THAT THE PLAINTIFFS STORED FOOD IN. BECAUSE OF THE RAT INFESTATION, THE PLAINTIFFS LIVED IN CONSTANT FEAR OF BEING BITTEN AS WELL AS THE CONTRACTING OF DISEASES THAT THEY MAY CARRY. RATS HAVE JUMPED FROM THE CEILING WHERE IT IS FALLING DOWN AND JUMPED ONTO THE STOVE AND TOP OF THE REFRIGERATOR WHERE PLAINTIFFS FOOD IS PREPARED AND STORED. THE RATS HAD FREE RUN OF THE STRUCTURE BECAUSE OF THE CONDITION OF THE HOME CONTRIBUTED TO THE TOTAL NEGLECT AND DISREPAIR. THE RATS WOULD ENTER THE BEDROOM OF THE PLAINTIFFS AND JUMP ON THE BED WITH THE PLAINTIFFS UNTIL THE PLAINTIFFS HAD TO RESORT TO SSOOTING THE RATS WITH AN AIR RIFLE. SNAKES WOULD ALSO FOLLOW THE RATS INTO THE HOME AND HAD BEEN SEEN NUMEROUS TIMES. PHOTOS OF THE RATS AND THE CONDITION OF THE HOME ARE AVAILABLE.

THE BATHROOM OF THE HOME WAS IN SUCH A STATE OF DISREPAIR AND NEGLECT THAT THE BATHTUB WAS NOT LEVEL AND COULD NOT BE USED AND THE COMMODE WAS FALLING THROUGH THE FLOOR AND RAW SEWAGE FROM THE HOME BEHIND THE PLAINTIFFS FLOWED INTO THE HOME OF THE PLAINTIFFS AND INTO THE HALLWAY UNDER THE CARPET. AGAIN, PHOTOS AVAILABLE.

THE HALLWAY AREA OF THE HOME WHERE THE WASHER AND DRYER SHOULD HAVE BEEN WAS ROTTED OUT BECAUSE OF THE SEWAGE THAT RAN FROM THE BATHROOM INTO THE HALLWAY. LARGE HOLES ARE EATEN OUT IN THE HALLWAY ALLOWING RATS AND WHATEVER CAN CRAWL THROUGH THESE HOLES TO ENTER THE HOME.

THE AREA OF THE HOME DESIGNATED FOR THE HEATING UNIT WAS BARE AND VOID AS THE HEATING UNIT HAD LONG AGO BEEN REMOVED AND A SIMPLE PIECE OF WOOD PLACED TN THE HOLE UNSECURED AND THE GROUND BENEATH THE HOME WAS VISIBLE. THE OUTSIDE HEAT UNIT HAD BEEN TORN APART AND SALVAGED FOR SCRAP. PHOTOS AVAILABLE.

THE REAR DOOR OF THE HOME HAD ROLL OUT WINDOWS THAT COULD NOT

NOT BE OPERATED IN OR OUT AND WAS IN THE OUT POSITION PARTIALLY AND LEFT A CRACK OF ABOUT FOUR (4) INCHES IN THE WINDOW WHICH ALLOWED COLD AIR TO ENTER AND MAKE IT IMPOSSIBLE FOR THE PLAINTIFFS TO KEEP THE HOME WARM WITH THE (KEROSENE) HEAT THAT THE PLAINTIFFS HAD TO RELY UPON BECAUSE OF THE FAILURE OF THE DEFENDANTS TO PROVIDE THE BASIC NECESSITIES AS PROVIDED BY LAW.AS LONG AS PLAINTIFFS WERE IN THIS HOME, THE PLAINTIFFS WERE COLD IN THE WINTER AND SUFFERING IN THE SUMMER BECAUSE OF THE LACK OF NECESSARY HEAT AND VENTILATION.

THE PLAINTIFFS STATE THAT THE ROOF OF THE MOBILE HOME WAS IN SUCH A STATE OF DISREPAIR THAT EVERYTIME IT RAINED, PLAINTIFFS WOULD HAVE TO COVER THEIR BELONGINGS, ESPECIALLY ELECTRICAL DEVICES TO PREVENT DAMAGE AND FIRE. THE PLAINTIFFS HAVE ACTUALLY LOST ELECTRICAL DEVICES BECAUSE OF THE DEFENDANTS NEGLECT OF THEIR RENTAL PROPERTY. WATER ENTERS THE WALLS BECAUSE OF THE CONDITION OF THE ROOF AND MISSING PARTS OF THE ROOF. THIS CAUSED THE PLAINTIFFS TO LOSE NEARLY ALL THEIR PERSONAL PROPERTY.

THE COCKROACH INFESTATION AS WELL AS THE BED BUG INFESTATION CAUSED THE PLAINTIFFS TO HAVE TO DISPOSE OF NEARLY ALL THEIR PERSONAL PROPERTY INCLUDING LIVING ROOM FURNITURE, TELEVISIONS AS WELL AS ALL THEIR BEDROOM FURNITURE AND BEDCLOTHE. BECAUSE OF THIS INFESTATION. NO MATTER WHAT PLAINTIFFS DID TO TRY TO CONTROL THIS INFESTATION. BOTH PLAINTIFFS SUFFERED NUMEROUS BITES FROM BED BUGS THAT WERE ALLOWED TO HEAL WITHOUT A DOCTOR.

THE PLAINTIFFS AGAIN STATE THAT THE CONDITION OF THE WINDOWS IN THIS MOBILE HOME WAS THAT IF OPENED, THEY WOULD NOT CLOSE BACK UNLESS TAPED TOGETHER. NO SCREENS WERE ON THE WINDOWS TO COVER OPENINGS IF THEY WERE OPENED AND THE LACK OF SCREENS ALLOWED ANY TYPE INSECTS TO ENTER THE HOME AND CREATE HEALTH ISSUES AND POSSIBILITY OF THE

CONTRACTING OF DISEASES FROM THE INSECTS OR FLIES OR MOSQUITOS OR WHATEVER MAY ENTER. THE LACK OF THE ABILITY TO OPERATE THE WINDOWS AND NO SCREENS MADE IT EXTREMELY DIFFICULT TO HEAT OR COOL. THE PLAINTIFFS COULD ONLY USE A BOX FAN IN A WINDOW THAT WOULD PARTIALLY OPEN AND THIS WAS DIFFICULT ON THE PLAINTIFFS BECAUSE RAW SEWAGE FROM THE NEIGHBOR BEHIND THE PLAINTIFFS WOULD FLOW UNDERNEATH THE WINDOWS OF THE PLAINTIFF MAKING IT UNBEARABLE TO RUN A FAN OR TO OPEN A WINDOW AS FAR IT WOULD BECAUSE OF THE STENCH OF THE SEWAGE. THIS SEWAGE WAS ALLOWED TO FLOW INTO THE CONNECTING ROAD OUT INTO THE MAIN HIGHWAY AND INTO NEARBY CREEKS.

THE PLAINTIFFS ALLEGE THAT THEY WERE PURPOSELY RETALLIATED AGAINST BY BOTH DEFENDANTS BASED UPON THE FACT THAT THE PLAINTIFFS SENT TO JANICE HILTON, A DEFENDANT IN THIS MATTER, A LETTER WITH A LIST OF REPAIRS TO BE MADE. FOUR (4) DAYS LATER AFTER DEFENDANT JANICE HILTON RECEIVED THE LETTER, PLAINTIFFS RECEIVED AN EVICTION NOTICE FROM WARREN M. HILTON SIGNED BY BOTH DEFENDANTS. FURTHER, THE EVICTION NOTICE STATES THAT THE NEW OWNER OF THE TRAILER IS WARREN M. HILTON. PLAINTIFFS STATE THAT THE PROPERTY OCCUPIED BY THEM AT 115GEORGIA PVT. DR., BELONGING TO THE DEFENDANT OR DEFENDANTS, HAD NEVER BEEN PROPERLY TRANSFERRED AS REQUIRED BY LAW AND THAT THE STATEMENTS MADE BY THE DEFENDANTS WERE LIES AND PURPOSELY MADE TO COVER UP THE FACT THAT NEITHER DEFENDANT WAS ALLOWED BY LAW TO COLLECT THE RENT ON THIS PROPERTY BECAUSE PROPER OWNERSHIP HAS NEVER BEEN ESTABLISHED. FURTHER, THE PLAINTIFFS RECEIVED THREATENING LETTERS FROM DEFENDANT WARREN M. HILTON,(DANNY) THAT THE PLAINTIFFS WOULD BE FORCIBLY REMOVED FROM THEIR PROPERTY, PRIOR TO ANY COURT PROCEEDING IN THIS MATTER WHICH WERE DISMISSED AGAINST THE PLAINTIFFS FOR FAILURE TO SHOW UP AND FOR DEFENDANT JANICE HILTON NOT BEING THE PROPER ONE TO COLLECT THE RENT ON THIS PROPERTY.

THESE THREATS AND THE ATTEMPTED INTIMIDATION OF THE PLAINTIFFS IN THIS MATTER BASED UPON THE PLAINTIFFS ASKING, AS REQUIRED BY LAW AS WELL AS THE UNIFORM RESIDENTIAL LANDLORD TENANT ACT, VIOLATE THE RIGHTS OF THE PLAINTIFF TO LIVE IN A HABITABLE DWELLING AS WELL AS A SAFE RESIDENCE AWAY FROM FEAR OR VIOLENCE. THIS WAS DIRECTLY RELATED TO THE "LANDLORD), WHICHEVER ONE MAY BE THE PROPER OWNER, BUT WAS SIGNED BY DEFENDANT WARREN M. HILTON. THESE THREATS WERE RELAYED TO THE LOCAL AUTHORITIES WHO SAID THEY COULD NOT GET INVOLVED.

THE PLAINTIFFS ALLEGE THAT DEFENDANT JANICE HILTON DID KNOWINGLY RENT THE HOME LOCATED AT 115 GEORGIA PVT. DR. LOT #1, KINGSPORT, TENNESSEE, TO THE PLAINTIFFS KNOWING THE CONDITION THE HOME WAS IN. AT THE TIME OF RENTAL, THE HOME DID NOT EVEN HAVE WATER AND THE PLAINTIFFS WORKED WITH DEFENDANT JANICE HILTON TO FIX THE WATER PROBLEM. DEFENDANT JANICE HILTON KNEW THE CONDITION OF THE RESIDENCE AT THE TIME OF THE RENTAL BUT RENTED THE HOME ANYWAY IN THAT CONDITION. BECAUSE THE PLAINTIFFS WERE HOMELESS AT THE TIME, PLAINTIFFS TOOK THE HOME WITH THE CONDITION THAT THEY BE ALLOWED TO WORK ON THE HOME. THE PLAINTIFFS DID SO TO THE BEST OF THEIR ABILITY. THE CONDITION OF THE HOME THAT DEFENDANT JANICE HILTON RENTED TO THE PLAINTIFFS WAS UNSAFE AND UNFIT TO HABITATE. THIS IS IN DIRECT VIOLATION OF THE DEEFEDANTS DUTY TO PROVIDE MAINTENANCE ON RENTAL PROPERTY AND PROVIDE THE BASIC BARE NECESSITIES OF A HOME AS REQUIRED BY LAW. THIS IS LAID OUT IN THE FOUNDATION OF THE UNIFORM RESIDENTIAL LANDLORD TENANT ACT ADOPTED FROM FEDERAL LAW.

## CONCLUSION

THE PLAINTIFFS IN THIS MATTER HAS PRESENTED THIS COMPLAINT TO THIS COURT AS HIS ONLY REDRESS FOR THE ACTIONS OF THE DEFENDANTS AND THE INACTIONS OF STSTE OFFICIALS. THE PLAINTIFFS BELIEVE THAT THEY ARE ENTITLED TO THE RELIEF SOUGHT AND BRING THIS ACTION IN GOOD FAITH.

THE DEFENDANTS TOTAL DISREGARD FOR THE CONDITIONS OF THEIR RENTAL PROPERTY AND THE UPKEEP OF THE SAME HAS CAUSED IRREPAREPARABLE LOSS TO THE PLAINTIFFS AS WELL AS THE SUFFERING FROM THE FEAR OF THREATS OF FORCIBLE REMOVAL FROM DEFENDANT WARREN M. HILTON. THE PLAINTIFFS LOST NEARLY ALL THEIR HOUSEHOLD BELONGINGS BECAUSE OF THE ACTIONS OF THE DEFENDANTS. THE DEFENDANTS TOTAL DISREGARD FOR THE LAW CONCERNING THE UPKEEP AND MAINTENANCE OF PROPERTY BELONGING TO DEFENDANTS AND OFFERED FOR RENT CONTRIBUTED TO THE DIRECT LOSS OF THE PROPERTY OF THE PLAINTIFF. THE DEFENDANTS HAVE LIED TO THE STATE COURT TO GET A DATAINER WARRANT FOR THE EVICTION OF THE DPLAINTIFFS. THE DEFENDANTS HAVE NOT DEMONSTRATED PROPER OWNERSHIP OF THE PROPERTY LOCATED AT 115 GEORGIA PVT. DR., KINGSPORT, TENNESSEE TO COLLECT RENT ON OR THE PROPER OWNER TO START EVICTION. IT WAS ALLEGED TO BE SOLD AND TRANSFERRED TO WARREN M. HILTON AS THE NEW OWNER WHEN THIS NEVER OCCURRED AND WAS ONLY CONVEYED TO COVER UP THE FACT THAT PROPER OWNERSHIP OF THIS PROPERTY CANNOT BE CLAIMED BY EITHER DEFENDANT GIVING THEM THE RIGHT TO COLLECT RENT. BY THE CONSTRUED OWNERSHIP OF THE PROPERTY AS STATED BY BOTH DEFENDANTS, BOTH DEFENDANTS ARE EQUALLY RESPONSIBLE FOR THE UPKEEP OF THE PROPERTY. THEREFORE, BOTH DEFENDANTS SHOULD BE HELD AT FAULT FOR THE LOSSES INCURRED BY THE PLAINTIFFS IN THIS COMPLAINT.

FURTHER, IT IS THE CONTENTION OF THE PLAINTIFFS IN THIS MATTER THAT THE DEFENDANTS PREY UPON PEOPLE WHO ARE ON EITHER DISABILITY OR SOCIAL SECURITY OR SOME FORM OF HELP AS ALL THE RENTERS KNOWN TO THE PLAINTIFFS ARE RECEIVING HELP FROM SOME SORT OF PROGROM AND FURTHER THAT THE DEFENDANTS IN THIS MATTER ATTEMPTED TO FORCE ALL TENANTS TO SIGN A LEASE THAT THEY WOULD BE RESPONSIBLE FOR ALL REPAIRS EVEN THOUGH THEY WERE ALREADY LIVING THERE. THIS CONDUCT AMOUMTS TO PREYING ON THE UNFORTUNATE OR DISABLED WHO CAN NOT AFFORD TO LIVE ANYWHERE ELSS. THIS CONDUCT OF THE DEFENDANTS IS IN DIRECT VIOLATION OF THE AFOREMENTIONED LANDLORD TENANT ACT AND IS A CONTINUATION OF THIS VIOLATION AS THE SAID CONDITIONS HAVE NOT CHANGED AS TO THIS DATE.

THE CONTINUED DISREGARD FOR THE RIGHTS OF THEIR RENTERS BY THE DEFENDANTS IN THIS MATTER SHOULD BW CONSIDERED AN ILLEGAL ONGOING SITUATION AS LONG AS RENT IS COLLECTED ON PROPERTY NOT PROPERLY OWNED OR MAINTAINED BY THE DEFENDANTS.

RELIEF

1. THE PLAINTIFFS ASK THAT THIS COURT REVIEW THIS COMPLAINT AS WELL AS THE EVIDENCE TO BE PRESENTED AND ORDER AN INSPECTION OF THIS PROPERTY BECAUSE OF THE ISSUES OF HEALTH.

2. THE PLAINTIFFS ASK THAT A JURY HEAR THIS MATTER AND DECIDE THE PROPER ACTION TO BE TAKEN AFTER VIEWING THE EVIDENCE PRESENTED.

3. THE PLAINTIFFS ASK THAT THIS COURT AWARD THE PLAINTIFFS THE AMOUNT OF SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) FOR THE LOSS OF PERSONAL PROPERTY AND THE IMPROPER COLLECTION OF THE RENT FOR THIS PROPERTY.

4. THE PLAINTIFFS ASK THAT THEY BE AWARDED THE AMOUNT OF SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) FOR THE DEFENDANTS TOTAL DISREGARD FOR THE RESPONSIBILITY TO PROVIDE THE BASIC NECESSITIES SUCH AS HEAT, WATER, ELECTRIC ETC. THE PLAINTIFFS LIVED IN CONSTANT FEAR FROM THE DEFENDANT WARREN M. HILTON BECAUSE OF THE THREATS MADE.

5. THE PLAINTIFFS ASK THAT THIS COURT REVIEW THIS COMPLAINT AND THAT EVEN THOUGH PLAINTIFF NO LONGER RESIDES THERE, ASKS THIS COURT TO ORDER AN INSPECTION OF SAID RENTAL PROPERTY AS A WHOLE AND ORDER THAT BEFORE SUCH PROPERTY MAY BE RENTED, THAT IT BE BROUGHT UP TO THE BASIC NECESSITIES AS REQUIRED BY LAW.

6. FOR SUCH OTHER AND FURTHER RELIEF THAT THE PLAINTIFFS MAY BE ENTITLED TO.

I (WE), HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE ABOVE COMPLAINT IS TRUE TO THE BEST OF MY (OUR) INFORMATION, KNOWLEDGE AND BELIEF.

SIGNED THIS 2nd DAY OF October, 2018.

RESPECTFULLY SUBMITTED:

*Willie Robert Weatherly*
WILLIE ROBERT WEATHERLY
PLAINTIFF PRO SE.

*Calvin Edward Weatherly*
CALVIN EDWARD WEATHERLY
PLAINTIFF PRO SE.