UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIE ROBERT WEATHERLY and CALVIN EDWARD WEATHERLY | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:18-CV-167 |
| JANICE HILTON and WARREN M. HILTON | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiffs Willie Weatherly and Calvin Weatherly have filed Motions [Docs. 1 and 2] to proceed *in forma pauperis.* The Motions are before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Defendants are representing themselves in this action. For the reasons stated herein, the undersigned RECOMMENDS that the District Court DISMISS this complaint for lack of subject matter jurisdiction.

**I.    Plaintiffs *in forma pauperis* motions [Docs. 1 and 2].**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the

petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioners' Application to Proceed Without Prepayment of Fees and petitioners' economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Docs. 1 and 2], therefore, is **GRANTED**. The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986).

**II.     Screening Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] District courts must screen complaints filed *in forma pauperis* and *sua sponte* must dismiss a complaint that is frivolous or malicious, that fails to state a claim for relief, or that seeks monetary relief from a defendant who enjoys immunity from such relief. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B); *Begola v. Brown*, No. 97-2194, 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other*

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

*grounds by Jones v. Bock*, 549 U.S. 199 (2007), and *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. § 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial screening, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim unsupported by facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### III. Plaintiffs Allegations

Plaintiffs filed this complaint on October 2, 2018, alleging that they rented a mobile home from Defendant Janice Hilton and the conditions of the home were inhabitable [Doc. 3, pg. 3-4]. As examples, Plaintiffs point to no heat or air [*Id*. at pg. 5], windows that will not close [*Id*.], a collapsing ceiling [*Id*. at pg. 6], raw sewage backing up into the home [*Id*.], an infestation of rats, cockroaches, and bed bugs [*Id*. at pg. 7-8], and a leaky roof [*Id*. at pg. 8]. Plaintiffs also allege that Defendants allowed and participated in illegal activity on the rental property [*Id*. at pg. 4].

Further, Plaintiffs allege that they requested in writing Defendant Janice Hilton address the problems in the home and that certain repairs be made. After making that request, they received a notice of eviction from Defendant Warren Hilton, stating that he was now the owner of the property [*Id*. at pg. 9]. Plaintiffs aver that neither Defendant is the proper owner of the property, and that they had no right to collect rent all this time [*Id*. at pg. 9, 11]. Plaintiffs also claim that Defendant Warren Hilton threatened them [*Id*. at pg. 9-10]. Finally, Plaintiffs seek a health inspection of the property at issue, a jury trial and a total of $150,000 in actual and punitive damages [*Id*. at pg. 13].

**IV.     Law and Analysis**

Plaintiffs have not established a basis for federal court jurisdiction. This Court lacks jurisdiction to address Plaintiffs claims. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiffs must establish that they are citizens of one state and all of the Defendants are citizens of other states. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Based on the information provided in the complaint, Plaintiffs cannot establish diversity jurisdiction. Plaintiffs are both residents of Tennessee and they have identified both Defendants as being residents of Tennessee as well. [*Id*. at pg. 1-2]. Thus, diversity of jurisdiction is lacking.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Plaintiffs claim that Defendants have violated the Uniform Residential Landlord Tenant Act. The Tennessee Uniform Residential Landlord Tenant Act ("TURLTA") requires that a landlord keep premises in a fit and habitable condition and maintain all common areas in a clean and safe condition. Tenn.Code Ann. § 66–28–304(a)(2); Tenn.Code Ann. § 66–28–304(a)(3). To be sure, Plaintiffs appear to have a cause of action arising under state law, that is, they have pled what appears to be violations of the Tennessee Uniform Residential Landlord Tenant Act based on the terrible conditions of the mobile home. But Plaintiffs do not allege a federal question pertaining to what is a state residential landlord-tenant matter.

Plaintiffs also note that Defendants violated the Fair Housing Act codified as 42 U.S.C. 3601-3619. This Act protects against landlords discriminating against tenants because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a). It also prohibits discrimination in the rental of a dwelling because of a handicap. 42 U.S.C. § 3604(f)(1). While Plaintiffs allege they were homeless and disabled, they do not allege that any action the Defendants took against them was because of their disability. They contend that the Defendants "attempted to force all tenants to sign a lease that they would be responsible for all repairs even though they were already living there." [Doc. 3, pg. 12]. They claim this conduct "amounts to preying on the … disabled." *Id.* But this claim is not that they were discriminated against because of their

disability, but that the Defendants were asking everyone, regardless of their disability, to be responsible for repairs to the property. In fact, Plaintiffs allege in their complaint that they had agreed to this.

To be sure, Plaintiffs have put forth a compelling case for state law violations. But they have failed to plead anything that would trigger a federal law violation. Indeed, this is a classic case where a landlord is accused of not complying with state laws regarding renting habitable residences. The Court does not find Plaintiffs have alleged a federal claim.

If the Court were to interpret the claim as one sounding in 42 U.S.C. § 1983, the claim would still fail. Section 1983 claims pertain to state action, and Plaintiffs have only alleged conduct by the private party, the landlords in this case. They do not allege that the Defendants were acting under color of state law that would trigger a section 1983 claim.

**V.     Conclusion**

Accordingly, it is RECOMMENDED that the Complaint be DISMISSED under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file in the appropriate court. This Complaint lacks any arguable basis for a recovery in this Federal Court due to lack of jurisdiction. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed in forma pauperis.[2]

---

[2]     Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review

Respectfully submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).